UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN EAGLE INSURANCE CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RICHARD CAMMACK, et al.,<br><br>    Defendants. | Case No. 24-cv-01670-AMO<br><br>**ORDER GRANTING MOTION TO STAY & TERMINATING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 24, 32 |

In this action, Plaintiffs Golden Eagle Insurance Corporation and Peerless Insurance Company seek a declaratory judgment that they have no coverage obligation, duty to defend, or duty to indemnify Defendant Richard Cammack, doing business as Contra Costa Ballet Centre, in ongoing state court litigation. Plaintiffs also seek reimbursement for costs incurred in defending Cammack in the state court action. Those proceedings arise from allegations that a ballet instructor – Viktor Kabaniaev – sexually abused Jane WK Doe[1] while she was a minor. Cammack moves to stay this action pending resolution of the state court litigation. Plaintiffs oppose and seek judgment on the pleadings. As the Court is not inclined to reach the merits of the motion for judgment on the pleadings if this litigation is stayed, it takes up Cammack's motion first.

The Court's inherent power to stay proceedings turns on: the possible damage to the non-moving party, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing

---

[1] Doe is the plaintiff in the state court litigation and a nominal defendant in this action. *See* ECF 1; ECF 1-1.

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).[2]

These factors support a stay in this action. Plaintiffs do not squarely address whether they will suffer any prejudice for purposes of the first factor if this case is stayed. They do reference an agreement to defend the state court action, which they made, "upon reconsideration," with the express understanding that they would be seeking a declaration of no coverage. ECF 31 at 7 n.2. Assuming Plaintiffs rely on that agreement to show prejudice because the motion to stay somehow runs afoul of this agreement,[3] it does not shift the first factor in their favor. Plaintiffs remain free to resume litigating this action after the state court proceedings are resolved, and they can continue their pursuit of any costs incurred in defending the state court action at that time. *See Zurich Am. Ins. Co.*, 2019 WL 570760, at *6 (rejecting arguments that the plaintiff insurer would suffer damage, as it could recover the costs of defending the plaintiff in the underlying action and "advancing defense costs is part of an insurer's obligation and costs of doing business[]") (internal quotations and citations omitted).

As to the second factor, "[c]ourts have found that any prejudice (if at all) to the insurer in having to pay defense costs while the underlying case is pending is outweighed by prejudice to the insured in having to fight a 'two-front war.' " *Id.* at *6. That is the case here. The underlying action raises factual issues that will necessarily inform the coverage dispute pending in this Court. The application of the abuse or molestation exclusion on which Plaintiffs rely depends on factual issues – whether Doe was in Cammack's "care, custody or control" and whether Cammack was negligent in his employment, investigation, supervision, retention or failure to report Kabaniaev. ECF 31 at 7. Requiring Cammack to litigate the state court action concurrently with this coverage dispute shifts this factor in favor of a stay. *See Zurich Am. Ins. Co.*, 2019 WL 570760, at *6 (collecting cases); *see also Golden Eagle Ins. Corp. v. Drain Doctor Inc.*, 14-CV-3242-LHK,

---

[2] Because the *Landis* factors govern, the Court does not reach the parties' arguments about whether California law also supports a stay. *See Zurich Am. Ins. Co. v. Omnicell, Inc.*, No. 18-CV-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019) (applying *Landis* factors to motion to stay).

[3] The Court notes that Cammack disputes whether any such agreement exists, *see* ECF 45 at 2, but the Court need not resolve that dispute in light of its finding with respect to the first factor.

2015 WL 1229323, at *5 (N.D. Cal. Mar. 17, 2015) (finding that the "high risk of prejudice to Drain Doctor, which absent a stay would be required to defend itself concurrently in two related lawsuits" weighed in favor of a stay).

The final factor also supports a stay. The orderly administrative of justice is best served by deferring the coverage dispute until the underlying facts are ascertained in the state court proceedings. *See Zurich Am. Ins. Co.*, 2019 WL 570760, at *6 (collecting cases). Allowing the state court litigation to proceed first will also conserve judicial resources, avoid burdening the parties with parallel litigation, and may promote the possibility of a global resolution. *See Golden Eagle Ins. Corp.*, 2015 WL 1229323, at *5.

Because the *Landis* factors support a stay as set forth above, the Court **GRANTS** the motion to stay pending resolution of the state court case. In light of this ruling, the motion for judgment on the pleadings is administratively terminated, subject to re-submission, if necessary, after the stay is lifted. Within 90 days of this order and every 90 days thereafter,[4] Plaintiffs shall file a joint status report informing this Court of the status of the state court case. Once the state court action resolves, any party may seek to lift the stay entered by this order, either by stipulation of all parties or an administrative motion in compliance with Civil Local Rule 7-11.

**IT IS SO ORDERED.**

Dated: January 29, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[4] The current status report deadline of February 14, 2025, ECF 53, is **VACATED**.